**HANDY LAND & TIMBER, L.L.L.P., Plaintiff,**

v.

**TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, Defendant.**

3:17–CV–0041–ELR

United States District Court, N.D. Georgia, Atlanta Division.

Signed 04/20/2017

Donald C. Evans, Jr., Thomas H. Camp, Evans Law Firm, Cartersville, GA, for Plaintiff.

Ana Nicole DeMoss, Nowell D. Berreth, William Clay Massey, Alston & Bird, LLP, Atlanta, GA, for Defendant.

## ORDER

Eleanor L. Ross, United States District Judge Northern District of Georgia

There are several matters before the Court. The Court's rulings and conclusions are set forth below.

## I. Background

Transcontinental Gas Pipe Line Company, LLC ("Transco") began condemnation proceedings to extend its existing natural gas distribution network, known as the Dalton Expansion. Case No. 1:16–cv–02991–ELR is the lead case for Transco's condemnation proceedings and will be referred to herein as "the condemnation case." There are multiple property-owner defendants involved in the condemnation proceedings, as the Dalton Expansion runs across various properties. While each of these property-owner defendants has their own unique case number, these individual cases are consolidated into the commendation case.

One of those property owners involved in the condemnation case is Handy Land & Timber, L.L.L.P. ("Handy Land"). Handy Land's individual case number separate from the condemnation case is 1:16–cv–03364–ELR. To be clear, Handy Land is part of the condemnation case.

In the condemnation case, on November 10, 2016, the Court entered an Order granting Tranco's motions for partial summary judgment and motions for a preliminary injunction allowing immediate access to the property owners' properties (Doc. No. 31). The Court granted Transco relief under the Natural Gas Act ("NGA"), a Federal Energy Regulatory Commission ("FERC") Certificate of Public Convenience and Necessity ("Certificate"), and its equitable powers as fully explained in the Order. As a result, Handy Land was subject to the condemnation proceedings and the Court's Orders.

Nevertheless, on February 21, 2017, Handy Land filed a complaint in the Superior Court of Coweta County, Georgia. Handy Land also filed an amended motion for a temporary restraining order ("TRO"). Handy Land then amended its complaint in state court. Handy Land's Amended Complaint sets forth claims against Transco for trespass to chattels, trover, money had and received, and Handy Land seeks equitable relief, punitive damages, and attorneys' fees. In response, Transco removed the state court action to this Court.[1]

---

1. While this case upon removal was originally assigned to Judge Timothy C. Batten, Sr., the case was transferred to the undersigned.

Upon removal, the Court set an expedited briefing schedule on the TRO and set a hearing for April 11, 2017. Meanwhile, while the parties were briefing the TRO, on April 3, 2017, Transco filed a motion to dismiss and Handy Land filed a motion to remand this action to state court. During the hearing on the TRO on April 11, the undersigned ruled on the jurisdictional issue, finding that this Court did in fact have subject matter jurisdiction, and therefore, denied Handy Land's motion to remand.[2] The Court took under advisement Handy Land's motion for a TRO. Accordingly, Handy Land's Amended Motion for a TRO (Doc. No. 3) and Transco's Motion to Dismiss (Doc. No. 9) are now pending before the Court.

## II. Discussion

At best, this is a case of forum shopping. Handy Land is part of the condemnation case. Handy Land admits in its Amended Complaint that Transco is engaging in "lawful condemnation" of its property. Am. Compl. at ¶ 28. (Doc. No. 1–2). To believe that Handy Land as the property owner could institute a wholly separate action in state court, the subject of which is in fact, what Transco can and cannot do in the condemnation proceedings, stretches the rules of civil procedure to new bounds. This Court will not stretch that far.

■ Lessons in civil procedure aside, importantly, Transco filed a motion to dismiss. Handy Land has not responded to that motion. Therefore, the motion to dismiss is deemed unopposed, and the Court grants it for this reason. See LR 7.1B,

NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Moreover, the Court would grant Transco's motion to dismiss for the well-stated reasons in the motion.

The Court will add these points: Handy Land seeks a TRO to restrain Transco "from removing timber" on Handy Land's "property until such time as the return of all timber removed from the premises is returned and a full investigation can be had." Am. TRO at 4. (Doc. No. 3). Thus, Handy Land seeks (1) to restrain Transco from removing any more timber; and (2) to direct Transco to return timber already removed.[3] As to the latter, Transco submitted the Declaration of August Nicolaus, the Land Representative for the Dalton Expansion Project, who is responsible for the coordination of clearing the right-of-way and constructing the pipeline. Decl. of A. Nicolaus ¶¶ 2–3 (Doc. No. 8–2). Mr. Nicolaus states that Transco entered Handy Land's property in mid-to-late February to remove the felled trees, and shortly afterwards, the trees were cut. Id. at ¶ 4. Mr. Nicolaus states further that with respect "to the trees Handy Land requests, Transco does not have possession or control of them, and does not know their specific location." Id. at ¶ 5. Thus, Handy Land asks this Court to direct Transco to return trees that are no longer in Transco's possession, or in other words, to direct Transco to take an action that Transco is not able to do.

■ As to removing timber, in the condemnation case, the Court found that

---

2. As set forth below, the Court will deny Handy Land's Motion to Remand to memorialize the record.

3. Handy Land's TRO is in conflict with its Amended Complaint. In the TRO, Handy Land asks for a halt to Transco's removal of timber. Am. TRO at 3. But in the Amended Complaint, Handy Land states that Transco

has already cleared the entire area. Am. Compl. at ¶ 9. ("Transco has continued to remove trees from the Property and apparently cleared the entire area Transco intends to occupy."). Thus, it's not clear if there are any trees left on the property to be removed. Out of an abundance of caution, however, the Court will assume that trees remain on the property to be cleared.

"Transco may condemn what is approved by the FERC Certificate and corresponding alignment sheets." Order, dated Nov. 10, 2016, at 14 (Doc. No. 31 in Case No. 1:16-cv-02991-ELR). The FERC Certificate was granted "conditioned on Transco's ... compliance with the environmental conditions in Appendix C." FERC Certificate at 56[4] (Doc. No. 1-2). Appendix C incorporated an Environmental Assessment ("EA"), which FERC had prepared with assistance from the U.S. Army Corps of Engineers. The EA provides as follows:

> Prior to construction, Transco's survey contractor would stake the pipeline centerline and the limits of the construction right-of-way and ATWS areas. Wetland boundaries and other environmentally sensitive areas would also be marked at this time. A clearing crew would then clear the work area of vegetation and other obstacles, including trees, stumps, logs, brush, and rocks. Cleared vegetation would be burned, chipped, or hauled offsite to a commercial disposal facility. Merchantable timber would be limbed, cut, and removed from the right-of-way.

EA at 11 (Doc. No. 9-2). Therefore, the EA, as approved by the FERC Certificate, contemplated that Transco would clear Handy Land's property including trees, and remove them from the right-of-way. Thus the Court will not halt Transco's removal of trees as sought by Handy Land.

The damages owed to Handy Land as a result of the condemnation are to be addressed during the compensation proceedings. If Handy Land believes it is entitled to compensation specifically for the trees, Handy Land will have to make that argument during the compensation phase.

4. This refers to the PDF number in the Court's CM/ECF system.

## III. Conclusion

For the foregoing reasons the Court **DENIES** Handy Land Timber's Motion to Remand (Doc. No. 10); **GRANTS** Defendant Transco's Motion to Dismiss (Doc. No. 9); **DENIES AS MOOT** Plaintiff Handy Land Timber's Amended Motion for a TRO (Doc. No. 3); and **DISMISSES THIS CASE.**

**SO ORDERED**, this 20th day of April, 2017.